Michele Haydel Gehrke (SBN 215647)
mgehrke@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Mona A. Razani (SBN 312234)
mrazani@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Attorneys for Defendant
United Airlines, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLADYS C. SALAS,<br><br>          Plaintiff,<br><br>vs.<br><br>UNITED AIRLINES, INC., a Delaware Corporation, JULIANA PETANI, an individual, SCOTT PRICKETT, an individual, and DOES 1 to 100, inclusive,<br><br>          Defendants. | Case Number: 3:22-cv-4574<br><br>**DEFENDANT UNITED AIRLINES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>San Mateo County Superior Court<br>Case No.: 22-CIV-02684<br>State Action Filed: July 1, 2022 |

– 1 –
**NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that Defendant United Airlines, Inc. ("United" or "Defendant") hereby removes the above-captioned action from the Superior Court of the State of California for the County of San Mateo to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1441 and 1446, asserting original federal jurisdiction on the basis of diversity under 28 U.S.C. § 1332(a)(1). Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are being served upon counsel for Plaintiff Gladys C. Salas ("Plaintiff") and filed with the Clerk of the California Superior Court for the County of San Mateo, as an exhibit to a Notice to State Court of Removal to Federal Court.

## PROCEDURAL HISTORY

1. Plaintiff filed this action against United Airlines, Inc., Juliana Petani and Scott Prickett on July 1, 2022, in the Superior Court of the County of San Mateo in a case entitled, *Gladys C. Salas v. United Airlines, Inc., et al*, Case No. 22-CIV-02684 (the "State Court Action.")

2. United was served with a copy of the Summons and Complaint on July 8, 2022 through its agent for service of process. Plaintiff filed a Proof of Service in the State Court Action on or about July 18, 2022. A true and correct copy of Plaintiff's filed Notice of Proof of Service which has been obtained from the docket is attached hereto as **Exhibit A**.

3. In the State Court Action, Plaintiff alleges nine (9) state law claims arising out of the Fair Employment and Housing Act ("FEHA"), the Business and Professions Code, or tort: (1) discrimination; (2) harassment; (3) retaliation; (4) failure to engage in the interaction process; (5) failure to provide reasonable accommodation; (6) failure to prevent, investigate, correct; (7) wrongful termination in violation of public policy; (8) defamation; and (9) violation of Business and Professional Code § 17200. A true and correct copy of Plaintiff's unverified Complaint and the Civil Case Cover Sheet is attached hereto as **Exhibit B**.

4. Pursuant to 28 U.S.C. § 1446(a), **Exhibits A and B** comprise the "cop[ies] of all process, pleadings, and orders served upon such defendant or defendants in such action."

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

5. In support of this Removal, the declaration of Delzyra Rosa, Senior Staff Representative – Employment Litigation for United, is attached hereto as **Exhibit C**.

6. In support of this Removal, the declaration of Mona A. Razani, defense counsel for United, is attached hereto as **Exhibit D**.

## NO JOINDER NECESSARY

7. To date, upon information and belief, Individual Defendants Juliana Petani and Scott Pricket ("Individual Defendants") have not been served with a copy of the State Court Action. *See*, **Ex. D,** Declaration of Mona A. Razani ("Razani Decl.") ¶ 4. Because there are no other ascertainable defendants in this action, no consent to removal is necessary.

## BASIS FOR REMOVAL

8. A notice of removal must simply contain a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a); *See also Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81 (2014). This Court has original jurisdiction under 28 U.S.C. § 1332 pursuant to 28 U.S.C. § 1441 because it involves a controversy that exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000), and because Plaintiff, United and the Individual Defendants are diverse.

## DIVERSITY JURISDICTION

9. "[F]ederal removal jurisdiction on the basis of diversity … is determined … as of the time the [Complaint] is filed and removal is effected." *Strotek Corp. v. Air Transport Ass'n. of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). Courts disregard fictitious "DOE" defendants when evaluating diversity. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998).

**Plaintiff's Citizenship**

10. A natural person's citizenship is determined by his or her state of domicile. *D.C. v. Murphy*, 314 U.S. 441, 455 (1941) ("The place where a [person] lives is properly taken to be his domicile until facts adduced establish the contrary."); *Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *Lopez v. Nationstar Mortgage LLC*, 2015 WL 6478263, *2 (C.D. Cal. Oct. 26, 2015) ("In the absence of evidence to the contrary, a party will be treated as a citizen of its state of residence for federal diversity purposes."). Plaintiff's Complaint does not allege or specify a state or county of residence for Plaintiff. Rather, Plaintiff's Complaint alleges that Plaintiff "reported to work

**NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**

in San Francisco, California." See **Ex. B**, Complaint ¶ 1. Plaintiff further alleges she was a former Flight Attendant for United based out of San Francisco ("SFO"). *See Id.* Generally, United Flight Attendants are assigned a "base" airport. *See* **Ex. C**, Declaration of Delzyra Rosa ¶ 2. A Flight Attendant's base is the airport where he or she will normally begin and end her trips. *Id.* A Flight Attendant's base is often in a different state than his or her permanent home or residence. *Id.* For example, approximately two-thirds of SFO-based Flight Attendants reside outside of the San Francisco Bay Area in California. *Id.* Additionally, approximately 1,650 of the SFO-based Flight Attendants live outside of California. *Id.* Plaintiff's employment records kept in the ordinary course of United's business establishes that during all relevant times, Plaintiff's residence was in Lorain County, Ohio. *Id.* at ¶ 3. Consequently, Plaintiff is domiciled in Ohio.

**United's Citizenship**

11. Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." United is now, and ever since the State Court Action commenced has been, incorporated under the laws of the State of Delaware, with its principal place of business in Chicago, Illinois under the "nerve center" test. **Ex. C**, Declaration of Delzyra Rosa ¶ 4; *see also Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

**The Individual Defendants' Citizenship**

12. Unserved Individual Defendants Scott Prickett and Juliana Petani are currently employed with United. **Ex. C**, Declaration of Delzyra Rosa ¶ 5. Mr. Prickett's and Ms. Petani's employment records kept in the ordinary course of United's business establishes that, during all relevant times, Mr. Prickett and Ms. Petani's residences were and are in the state of California. *Id.*

**The Parties are Diverse**

13. "Diversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). As set forth above, complete diversity of citizenship exists here because Plaintiff (Ohio), has a different citizenship from Defendant United (Delaware/Illinois) and the Individual Defendants (California). Moreover, the citizenship of the Doe defendants is disregarded for

**NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**

diversity jurisdiction, and therefore cannot destroy the diversity of citizenship between the parties in this action. 28 U.S.C. § 1441(a). The Parties are citizens of different states and there is a diversity of citizenship.

**Amount in Controversy Exceeds $75,000**

14.  "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submission." *Dart Cherokee,* 574 U.S. 81. When courts "assess the amount in controversy [they] … include all relief to which a plaintiff is entitled if the action succeeds." *Fritsch v. Swift Trans. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018). In determining whether the amount in controversy exceeds $75,000, the Court must presume Plaintiff will prevail on all of his claims. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 993, 1001 (C.D. Cal. 2002) ("a court must assume . . . a jury will return a verdict for the plaintiff on all claims made in the FAC"). United only needs to show by a preponderance of the evidence that Plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 403-04 (9th Cir. 1996). Here, the Court can reasonably ascertain from Plaintiff's Complaint and her prayer for relief that the amount in controversy exceeds $75,000.

15.  <u>Claimed Damages</u>. Plaintiff's Complaint seeks compensatory and general damages (*i.e.* emotional distress damages). *See*, **Ex. B,** Complaint, Prayer for Relief, pp. 23-24 ¶¶ 1-10. Plaintiff specifically seeks back pay and front pay owed, prejudgment interest, reasonable attorneys' fees, penalties, liquidated damages, interest, punitive and exemplary damages, and for the costs of suit incurred, among others. *See*, *Id.* Courts include these categories of damages in evaluating the amount in controversy. *See, e.g.*, *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) ("[E]motional distress damages may be considered when calculating the amount in controversy even where not clearly pled in the FAC."); *Ramirez*, 2018 WL 5816107, *10 (court includes benefits in evaluating amount in controversy). In evaluating the amount in controversy where a plaintiff seeks unpaid wages, courts consider past and "future wages … whatever the likelihood that she will actually recover them." *Tipton v. Airport Terminal Servs., Inc.*, No. 2:18-CV-09503-AB-JEM, 2019 WL 185687, at *9 (C.D. Cal. Jan. 14,

2019).

16.     <u>Past Earnings (Back Pay)</u>. Plaintiff specifically seeks economic damages in the form back pay, or past earnings. **Ex. B,** Complaint, Prayer for Relief, p. 23 ¶ 3. Plaintiff, a former United Flight Attendant, commenced employment with United in or around July 1993 and separated from employment with United on or about January 12, 2021. **Ex. C**, Declaration of Delzyra Rosa ¶ 3. In 2021, Plaintiff earned $11,205.03 in reportable W-2 wages (Box 1 on the W-2 Form, "Wages, tips, other comp."). *Id.* That year, Plaintiff separated from employment in January 2021, and thus her 2021 pay from United constituted mostly of final vacation payout and some regular pay. *Id.* In 2020, when Plaintiff worked all or most of the year, she earned $80,422.93 in reportable wages; In 2019, when Plaintiff worked all or most of the year, she earned $78,301.74 in reportable wages; in 2018, when Plaintiff worked all or most of the year, she earned $83,729.69 in reportable wages. *Id.* Had Plaintiff not separated from her position, United estimates she would have earned at least a comparable amount of pay in 2021 and 2022 as she earned in 2020, not accounting for regular pay increases Plaintiff may have been scheduled to receive in accordance with her collective bargaining agreement. *Id.* Moreover, during her employment, Plaintiff received other benefits including profit sharing which is not including in this figure. *Id.* Therefore, Plaintiff's alleged lost wages *alone*, counting from the date of her employment separation of January 12, 2021 to the date of removal of the State Court Action on August 8, 2022 satisfies the amount in controversy (~80,000.00 yearly wages or $6,666.67 a month x 18 months = $120,000.06). Indeed, past earnings alone from Plaintiff's January 12, 2021 separation date to the estimated date of trial (estimated August 2023) would be over <u>$200,000</u> ($6,666.67 a month x 30 months). *See Fisher v. HNTB Corp.*, No. 2:18-CV-08173-AB-MRW, 2018 WL 6323077, at *5 (C.D. Cal. Dec. 3, 2018) ("The parties have not set a trial date; however, the Court finds Defendants' proposed date of trial for purposes of this motion—one year from the date of removal—is a conservative estimate of the trial date."); *Reyes v. Staples Off. Superstore, LLC*, No. CV 19-07086-CJC (SKX), 2019 WL 4187847, at *3 (C.D. Cal. Sept. 3, 2019) ("The Court next finds that . . . it can consider lost wages up until the date of a potential trial . . .Though no trial date has been set, courts have often found that one year from the date of removal is a conservative estimate of the trial date in employment cases. . . ."); *Tipton*, 2019 WL 185687, *8 ("in evaluating the appropriate period of time

for calculating future wages, "sixteen months from the date of removal is [] appropriate[.]") Thus Plaintiff's claimed "back pay" alone exceeds the $75,000 amount in controversy threshold.

17.     <u>Future Earnings</u>. Because Plaintiff seeks "front pay" pursuant to California employment statutes, to the extent Plaintiff seeks future damages or front pay, such front pay awards in California can span several years. *See* **Ex. B,** Complaint, Prayer for Relief, p. 23 ¶ 3; *Smith v. Brown-Forman Distillers Corp.*, 196 Cal. App. 3d. 503, 518 (1989) (front pay until mandatory retirement age reached which was four years); *Drzewiecki v. H & R Block, Inc.*, 24 Cal. App. 3d. 695, 705 (1972) (ten years). Assuming a conservative front-pay award of two years from the trial date, Plaintiff's purported front-pay award just calculating wages would be $160,000.00 (24 months x $($6,666.67).

18.     <u>Emotional Distress Damages</u>. Plaintiff further seeks to recover emotional distress damages (identified specifically in the Complaint as "general damages"). *See* **Ex. B,** Complaint, Prayer for Relief, p. 23 ¶ 3. Plaintiff also alleges "emotional injury," and "severe emotional distress." *See Id.* ¶¶ 52, 65, 106. Emotional distress damages are considered for the amount in controversy. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("district court properly considered . . . emotional distress damage awards in similar age discrimination cases . . ."). Emotional distress damages in California discrimination cases can also be sizeable. *See e.g. Ramirez v. Little Caesars Enterprises, Inc.*, 2:18-CV-07993-AB-JPR, 2018 WL 5816107, at *11 (C.D. Cal. Nov. 2, 2018) ("emotional distress damages ranged from $500,000 to $2.5 million"). United expressly denies that any emotional distress damages should be awarded here; however, for purposes of the amount in controversy requirement, these claimed damages should be considered and in of itself exceeds the amount of controversy requirement.

19.     <u>Punitive Damages</u>. Plaintiff also seeks punitive damages. **Ex. B,** Complaint, Prayer for Relief, p. 24 ¶ 8. Punitive damages are considered as part of the amount in controversy. *See Simmons*, 209 F. Supp. 2d at 1033 ("[t]he amount in controversy may include punitive damages when they are recoverable as a matter of law"). "Punitive damages are available under FEHA." *Id.* United expressly denies that punitive damages should be awarded here; however, for purposes of the amount in controversy requirement, claimed punitive damages should be considered.

20.     <u>Attorneys' Fees</u>. The Complaint also seeks an award of attorneys' fees. **Ex. B,** Complaint, Prayer for Relief, p. 24 ¶ 5. "[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch*, 899 F.3d at 794. "Attorneys' fees are recoverable as a matter of right to the prevailing party under FEHA." *Id.* An "appropriate and conservative estimate for attorneys' fees in employment cases in this district may reasonably be expected to equal at least $30,000." *Ramirez*, 2018 WL 5816107, *10 (including $30,000 of attorneys' fees in the amount in controversy"). United expressly denies that any attorneys' fees should be awarded here; however, for purposes of the amount in controversy requirement, claimed attorneys' fees should be considered.

**Diversity Jurisdiction**

21.     While United denies any liability in connection with Plaintiff's claims, because diversity of citizenship exists and the amount in controversy exceeds $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. §1332(a).

**VENUE**

22.     The State Court Action is being removed from the Superior Court of the State of California, County of San Matro. *See generally* **Ex. B**, Complaint. As such, venue lies in the Northern District of this Court pursuant to 28 U.S.C. §§1441 and 1446(a).

**TIMELINESS OF REMOVAL**

23.     This Notice is timely because United filed it in the time period set forth in section 1446(b). United was served with a copy of the Summons and Complaint on July 8, 2022. The 30th day after July 8, 2022 falls on Sunday, August 7, 2022. United files this removal the next business day on Monday, August 8, 2022. *See* Fed. R. Civ. P. 6(a); *See also Gonzalez v. Ford Motor Co.*, 2019 WL 1364976,*4 (C.D. Cal. Mar. 22, 2019) ("Because 30 days ... fell on a Sunday, Defendant's removal the following day . . . was timely."); *Rust v. Chino Prison Healthcare Providers*, 2017 WL 2952924, *3 (C.D. Cal. June 9, 2017) ("[T]he[] 30-day removal deadline [of] Sunday, April 2, 2017 . . . was automatically extended to Monday, April 3, 2017, by Federal Rule of Civil Procedure 6(a)(1)(C).") Therefore, the filing of this Notice is timely.

/ /

**COMPLIANCE WITH 28 U.S.C. §1446**

24. Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served on or filed by United in the Action are filed and attached with this Notice of Removal.

25. United will file a copy of this Notice of Removal with the clerk of the Superior Court of the State of California, County of San Mateo where the removed action has been pending, pursuant to 28 U.S.C. § 1446(d). Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

**CONCLUSION**

26. By filing this Notice of Removal, United does not waive any defenses which may be available to it. In the event any question arises as to the propriety of the removal of this Action, United requests that the Court issue an Order to Show Cause so that it may have an opportunity to present a brief and oral argument in further support of its position.

27. WHEREFORE, United gives notice that the State Court Action pending against it in the Superior Court of the State of California for the County of San Mateo is removed to this Court.

DATED:  August 8, 2022

REED SMITH LLP

By:   /s/ *Mona A. Razani*
Michele Haydel Gehrke
Mona A. Razani
Attorneys for Defendant
UNITED AIRLINES, INC.