# EXHIBIT B

EXHIBIT B



**CT Corporation**
**Service of Process Notification**
07/08/2022
CT Log Number 541880730

## Service of Process Transmittal Summary

**TO:**       Maria Bustamante, Paralegal-Litigation
              United Airlines, Inc.
              609 MAIN STREET, 16TH FLOOR/HSCPZ
              HOUSTON, TX 77002-3167

**RE:**       **Process Served in California**

**FOR:**      United Airlines, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: GLADYS C. SALAS // To: United Airlines, Inc. |
| **CASE #:** | 22CIV02684 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 07/08/2022 at 08:57 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/08/2022, Expected Purge Date: 07/13/2022 |
| | Image SOP |
| | Email Notification,  Tom Campuzano  thomas.d.campuzano@united.com |
| | Email Notification,  Maria Bustamante  maria.bustamante@united.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 866-331-2303 |
| | CentralTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                                 Fri, Jul 8, 2022
**Server Name:**                 Arturo Ruiz

| Entity Served | UNITED AIRLINES, INC. |
|---|---|
| Case Number | 22-CIV-02684 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
UNITED AIRLINES, INC., a Delaware Corporation, JULIANA PETANI, an individual, SCOTT PRICKETT, an individual, and DOES 1 to 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
GLADYS C. SALAS

</td><td>

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**Electronically FILED**
by Superior Court of California, County of San Mateo
ON  7/1/2022
By  /s/ Una Finau
Deputy Clerk

</td></tr>
</table>

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Mateo County Superior Court<br>400 County Center, Redwood City, CA 94063-1655 | CASE NUMBER: *(Número del Caso):*<br>**22-CIV-02684** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Sohaila Sagheb, Esq., 21112 Ventura Blvd., Woodland Hills, CA 91364, Tel: 818-346-3724

| DATE: 7/1/2022<br>*(Fecha)* | Neal I. Taniguchi | Clerk, by<br>*(Secretario)* | /s/ Unaloto Finau | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):*  United Airlines, Inc.

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courts.ca.gov |

Sohaila Sagheb, SBN 144202
Law Office of Sohaila Sagheb
21112 Ventura Blvd.
Woodland Hills, California  91364
Phone: (818) 346-3724
Fax: (818) 702-9916
sslawoffice@sbcglobal.net

ABROLAT LAW PC
Nancy Abrolat, SBN 149799
840 Apollo Street, Suite 300
El Segundo, CA 90245
Telephone: 310-615-0008
Facsimile: 310-615-0009
nancy@employlawla.com

Attorneys for Plaintiff Gladys C. Salas

**Electronically**
**FILED**
by Superior Court of California, County of San Mateo
ON __7/1/2022__
By____*/s/* **Una Finau**____
**Deputy Clerk**

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN MATEO

| | |
|---|---|
| GLADYS C. SALAS, | CASE NO. 22-CIV-02684 |
| Plaintiff, | COMPLAINT FOR: |
| vs. | 1. VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT – DISCRIMINATION BASED ON DISABILITY/PERCEIVED DISABILITY, AGE, AND/OR GENDER; |
| UNITED AIRLINES, INC., a Delaware Corporation, JULIANA PETANI, an individual, SCOTT PRICKETT, an individual, and DOES 1 to 100, inclusive, | |
| Defendants. | 2. VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT – HARASSMENT BASED ON DISABILITY/PERCEIVED DISABILITY, AGE, AND/OR GENDER; |
| | 3. VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT – RETALIATION; |

4. VIOLATION OF THE FAIR
   EMPLOYMENT AND HOUSING ACT –
   FAILURE TO ENGAGE IN THE
   INTERACTIVE PROCESS;

5. VIOLATION OF THE FAIR
   EMPLOYMENT AND HOUSING ACT –
   FAILURE TO PROVIDE REASONABLE
   ACCOMMODATION;

6. VIOLATION OF THE FAIR
   EMPLOYMENT AND HOUSING ACT -
   FAILURE PREVENT / INVESTIGATE /
   CORRECT;

7. WRONGFUL TERMINATION IN
   VIOLATION OF PUBLIC POLICY;

8. DEFAMATION;

9. VIOLATION OF BUSINESS &
   PROFESSIONAL CODE §17200

**[UNLIMITED JURISDICTION]**

**DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff Gladys C. Salas and says as follows:

## GENERAL ALLEGATIONS

1.      Plaintiff Gladys C. Salas ("Salas") is, and at all times mentioned in this Complaint was, an employee of Defendant United Airlines, Inc. ("UNITED")  who reported to work in San Francisco, California, left work from San Francisco, California and was managed by UNITED mangers from San Francisco, California. Salas is a former Flight Attendant ("FA") based out of UNITED's San Francisco, California base of operations ("SFO").

2.      Defendant United Airlines, Inc. ("UNITED") is registered to do business in and does business in the County of San Mateo, State of California. At all relevant times, UNITED had the duty and authority to make personnel decisions concerning Plaintiff's work schedule,

assignments, discipline and other work related issues, including authority to cause investigation, make decisions including those of discipline from San Francisco, California. At all relevant times UNITED had the duty to ensure the safety and protection of Plaintiff from discrimination, harassment, retaliation, workplace violations and the threat of violence.

3. Defendant Juliana Petani ("Petani") is an individual employed by UNITED and reported to work on a full-time basis at UNITED's SFO as a Supervisor for In Flight Services. Plaintiff is informed and believes that Petani resides in the County San Mateo, State of California. Whenever Petani's name is mentioned in this Complaint, be it known that said Defendant is sued individually and as an agent of Defendant UNITED who acted within the course and scope of her employment and/or in her individual capacity.

4. Defendant Scott Prickett ("Prickett") is an individual employed by UNITED and working from UNITED's SFO is a Performance Supervisor for In Flight Services. Plaintiff is informed and believes that Prickett resides in the State of California in an unknown county. Whenever Prickett's name is mentioned in this Complaint, be it known that said Defendant is sued individually and as an agent of Defendant UNITED who acted within the course and scope of his employment and/or in his individual capacity.

5. Plaintiff is ignorant of the true names and capacities of Defendants sued in this Complaint as Does 1 through 100, inclusive, and therefore sues these Defendants by these fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and alleges on this information and belief that each of the fictitiously named Defendants are negligently or otherwise responsible in some manner for the occurrences alleged in this Complaint, and that Plaintiff's injuries and damages as alleged in this Complaint were proximately caused by that conduct.

6. Plaintiff is informed and believes and on this information and belief alleges that at all times mentioned in this Complaint each of the Defendants was the agent or employee of each of the remaining Defendants, and in doing the things alleged in this Complaint, were acting within the course and scope of this agency and employment.

7.     Plaintiff is informed and believes, and on that basis alleges, that at all times herein mentioned there existed and continues to exist a unity of interest and ownership among the Defendants such that any individuality and separateness has ceased to exist.

8.     Plaintiff sues each corporate or entity Defendant in that capacity and such corporate entities are responsible for all acts of their employees, agents, representatives and principals as all alleged actions were done within the course and scope of their employment or agency. Plaintiff sues individual Defendants in that capacity and alleges that they took actions as agents of a corporate entity or for the benefit of themselves.

## ADMINISTRATIVE PREREQUISITES

9.     Defendant UNITED is an employer subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

10.     On or about 5-8-2022, Plaintiff Salas filed timely[1] charges of employment discrimination, harassment and retaliation with the Department of Fair Employment and Housing (DFEH).

11.     The DFEH issued Notice of Case Closure and Right to Sue dated 5-8-2022, a true and correct copy of which is attached hereto as **Exhibit "A"** and incorporated herein by reference.

12.     Plaintiff served her FEHA Complaint, Notice of Filing and Case Closure and Right to Sue on all Defendants by first class mail on 5-18-2022. Plaintiff is informed and believes that all UNITED FAs at SFO are assigned a secure mailbox in the airport.

## JURISDICTION AND VENUE

13.     Plaintiff was employed by UNITED as a FA and assigned to UNITED's SFO base. Plaintiff was terminated from her position at SFO.

---

1 Gov't Code § 12960(e) provides that "A complaint alleging any other violation of Article 1 (commencing with Section 12940) of Chapter 6 shall not be filed after the expiration of *three years* from the date upon which the unlawful practice or refusal to cooperate occurred." In addition, Emergency Rule 9 tolled all limitation periods in the State of California from 4/6/2020 until 10/1/2020.

COMPLAINT

14.     Plaintiff was assigned by UNITED to the base at which UNITED needed coverage. For at least the last six years of her employment, Plaintiff reported to work at SFO and once done with her shift, ended her shift at SFO. UNITED's managers, who work full-time out of UNITED's SFO at the same facility as Plaintiff made all employment decisions impacting Plaintiff out of SFO, including performance evaluations, compensation, assignments, training, promotion, termination, and all other employment related decisions.

15.     All UNITED FA's monthly schedule of trips is provided by UNITED and built with only the base to which the FA is assigned. As a SFO based FA with UNITED all of Plaintiff's monthly trips were based out of SFO which meant that Plaintiff started and ended each of her flight assignments at UNITED's SFO base. There are no exceptions to this rule.

## STATEMENT OF FACTS

16.     UNITED's intolerance for employees with the COVID-19 illness is well known. Senator Cruz's[2] December 16, 2021 questioning of UNITED's CEO Scott Kirby illustrates the point:

> *"As a number of senators have observed last year, what Congress did with regard to the aviation industry was critical. It was unprecedented. We allocated over $54 billion to keep the American aviation industry strong and healthy. I was the chairman of the Aviation Subcommittee at the time, each of the CEOs on this panel and Ms. Nelson, I've spoken to all of you many times, each of you in great length, making the case that maintaining our pilots, maintaining our flight attendants, maintaining our personnel and aviation was critically important. We fast forward to where we are today, and we find ourselves in a different circumstance, and the behavior of airlines has not been uniform. I'm proud to say the two airlines based in Texas, Mr. Kelly's airline and Mr. Parker's airline, I think had been exemplary, particularly concerning vaccine mandates, both of you have made public commitments that you will not be firing your employees because of failure to comply with the vaccine mandate. I thank you for that. Mr. Bastian has likewise made that commitment at Delta. **The outlier here is United. Mr. Kirby, United's behavior on this issue, I have to say, has been deeply disturbing.** I'm a frequent customer of United. I live in Houston, I've got over a million miles on United. There are over 14,000 United employees in the state of Texas. The way United has treated its employees is in marked contrast to your competitors sitting here. **Your***

---

2 Ted Cruz is a member of the Senate Commerce Committee and Ranking Member of the Aviation Subcommittee.

*competitors have said they will stand with their employees. United has not made that same commitment.*

17.     UNITED's well-known intolerance for employees with the COVID-19 illness turns to intentional outright unbridled animus when the employee is female and/or older.

18.     Plaintiff Salas was over the age of forty (40) and having difficulty recovering from COVID-19 illness as a result of which she was terminated by UNITED.

19.     Plaintiff Salas was hired on July 1, 1993 as a FA by Continental Express. Later, based on transfers and a series of mergers and acquisitions Plaintiff became employed by UNITED.

20.     Plaintiff Salas was an excellent employee of twenty eight year with no performance or attendance infractions.

21.     Plaintiff Salas' employment with UNITED was subject to the 2016 – 2021 Flight Attendant Agreement pursuant to a collective bargaining agreement ("JCBA").

22.     Pursuant to the JCBA no FA was subject to termination without just cause and discipline of FAs was progressive.

23.     In October, 2020, Plaintiff Salas contracted COVID 19 which was verified by testing.

24.     On or about October 29, 2020 Plaintiff Salas called UNITED's In-flight response team and spoke with a UNITED representative informing UNITED that she had tested positive for COVID-19. Plaintiff Salas was told that a representative of UNITED would call her back.

25.     Joanne with UNITED called Plaintiff Salas back to inquire as to Plaintiff Salas' symptoms, when they began and when Plaintiff Salas last flew. Plaintiff Salas answered Joanne's questions and stated that she last flew on October 24, 2020.

26.     On October 29, 2020 Plaintiff Salas received a second phone call from Joanne asking Plaintiff Salas more COVID-19 related questions and requesting a copy of Plaintiff Salas's positive COVID-19 test.

27.     Plaintiff Salas also called the United Airline Service Center and spoke with a representative informing UNITED that Plaintiff Salas had received an email from UNITED

1    stating that she needed a COVID-19 Release test or a doctor's Release by November 9, 2020 to

2    return to work. Plaintiff Salas received an email with instructions on how and where to send the

3    COVID-19 release document.

4         28.    On or about the same day Plaintiff Salas made an appointment to see her

5    Physician, Dr. Ileona Jureck MD, for the necessary documentation. The first appointment

6    available was for November 9, 2020.

7         29.    At the November 9, 2020 appointment Dr. Jureck informed Plaintiff Salas that

8    she was NOT contagious but that there were concerns about Plaintiff Salas' viral related

9    symptoms which continued and included extreme fatigue, shortness of breath, cough, and

10    difficultly with concentration ("COVD-19 Brain Fog"). Dr. Jureck sent a fax to UNITED stating

11    Plaintiff Salas's current status and new return to work date of December 1st, 2020.

12        30.    Shortly after Dr. Jureck excused Plaintiff Salas from work to continue recovery,

13    Petani called Plaintiff Salas demanding to know Plaintiff Salas's condition and restrictions.

14    During the call Petani suggested that Plaintiff was overstating her restrictions. Petani's inquiries

15    were made with an accusatory tone implying that if Plaintiff wanted to return to work she could

16    do so. Plaintiff understood Petani to be suggesting that Plaintiff was using her COVID illness as

17    an excuse not to return to work. In fact, Dr. Jureck had expressed safety concerns in Plaintiff

18    returning to work, stating that in an emergency Plaintiff's continued "brain fog" could interfere

19    with her ability to carry out her duties to protect passengers.

20        31.    On November 12, 2020 Plaintiff Salas reported to UNITED Dr. Jureck's direction

21    that Plaintiff Salas not return to work until December 1st due to continuing COVID-19 related

22    symptoms, including Brain Fog. UNITED, through Joanne said "we are going to go ahead and

23    release you until December 1st." This meant that Plaintiff Salas was on sick leave and would not

24    be scheduled for flights.

25        32.    On November 12th and 13th Plaintiff Salas received flight assignments and was

26    required to again remind UNITED she was on sick leave – and still under quarantine. Plaintiff

27    Salas continued to feel fatigued, confused and foggy with difficultly concentrating.

28

33.     On November 18, 2020 Petani called Plaintiff Salas again wanting to know how Plaintiff Salas was feeling.  This time Petani said that Plaintiff should return to work. Plaintiff Salas told Petani that she felt better but not well and that she was waiting to be released from quarantine by the Lorain County Health Department. So even if Plaintiff felt well enough to return to work, which she did not, she could not do so as she was still under quarantine.

34.     Later that day, on November 18th the Lorain County Health Department informed Plaintiff Salas that she was released from quarantine.

35.     Plaintiff Salas continued to suffer symptoms of COVID-19, including Fog-Brain wherein she was finding it difficult to focus or concentrate. Believing that warmer weather would aid her recovery Plaintiff flew to Florida on November 20, 2020 hoping that warmer weather would help her to fully recover. Plaintiff Salas did not hide her travel from UNITED. In fact, Plaintiff Salas used her UNITED benefits to make the trip.

36.     Because Plaintiff Salas remained ill and UNITED viewed her as more susceptible, because of her age, to lengthy recoveries and/or repeat infections resulting in symptoms, as compared to younger employees, UNITED summarily terminated Plaintiff on the pretext that she had "abused" company benefits by traveling to a location that would aid in her recovery while she was on sick leave.

37.     UNITED's stated reason for termination is pretext because traveling while on sick leave does not constitute just cause for termination; at the time Plaintiff Salas flew she had been released from her schedule because she was sick and continuing to suffer the symptoms of COVID-19; Plaintiff Salas' reason for travelling was to assist in and speed her recovery from her lingering illness and related neurologic deficit manifested as fogginess/confusion/inability to concentrate.

38.     UNITED's reason for terminating Plaintiff Salas was her continued illness, need for additional time off to recover from the COVID-19 illness, predisposition to repeated COVID-19 infection due to her age and UNITED's perception of Plaintiff's predisposition because of her age. Due to her age, UNITED viewed Plaintiff Salas was at higher risk for (1) repeat COVID-19

infection with longer recovery times and (2) greater symptoms necessitating prolonged sick leave.

39.     Prickett and Petani, who in combination effectuated the FEHA violations complained herein, terminated Plaintiff Salas.

40.     Defendants discriminated against and harassed Plaintiff in violation of the FEHA, including without limitation, in terms and conditions of her employment. Plaintiff was terminated due to being ill, and over the age of 40. Defendants also retaliated against Plaintiff based on her report of illness, disability or perceived disability, and age. UNITED violated its duties to Plaintiff Salas by not engaging in an interactive process and/or considering or offering an accommodation to address her medical limitations even though UNITED was fully aware from proper medical documentation that (1) Plaintiff Salas continued to suffer from symptoms related to her COVID-19 illness and (2) UNITED knew and/or perceived that COVID-19 had a disproportional impact on older people.

**Supervisors located at SFO and Terminated at SFO**

41.     Plaintiff Salas' supervisors, including Petani and Prickett, were located at SFO.

42.     Plaintiff Salas' termination occurred at SFO pretextually based on unauthorized travel during sick leave when Plaintiff should have returned to work at SFO.

43.     All decisions related to Plaintiff's employment were made at and all reviews of Plaintiff's performance were conducted at SFO.

**Mailboxes at SFO**

44.     FAs based at SFO, including Plaintiff, have assigned mailboxes at SFO. The mailboxes are located in the middle of the SFO FA lounge which is surrounded by the supervisors' offices and cameras.  UNITED used the mailboxes to communicate with SFO based FA.

///

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT,**

**CAL. GOV'T CODE § 12940(a)**

**(DISCRIMINATION BASED ON DISABILITY/PERCEIVED DISABILITY, AGE,**

**AND/OR GENDER)**

**(Plaintiff Salas against Defendant UNITED)**

45.     Plaintiff hereby incorporates herein by reference all paragraphs alleged herein as though fully set forth.

46.     Defendants' actions as described herein constitute a continuing course of conduct of discrimination based on medical limitations, disability/perceived disability, in violation of the California Fair Employment and Housing Act, Cal. Gov't Code § 12940 et seq. Defendants were aware, and continue to be aware, that Plaintiff Salas had medical limitations and physical disability that placed limitations on and/or made it impossible for her to perform her essential job functions while suffering COVID-19 symptoms. Pursuant to Salas's doctor's assessment, Salas' medical limitations caused by COVID-19, including Brain Fog and fatigue, required her to be on medical leave until December 1st as she was unable to perform to her essential job functions, including engaging in safety protocols in case of an emergency, during that period. Plaintiff's medical limitations did not prevent her from flying as a passenger (without any duty to other passengers) and she traveled to the warmer weather in Florida to aid and hasten her recovery.

47.     Despite knowing the foregoing, Defendants failed to accept Plaintiff Salas' explanation for her trip to Florida during her sick leave. Having received the time off as sick leave to recuperate, Plaintiff did not need to request an accommodation to travel to Florida to restore her health. Instead, Plaintiff explained that she traveled to Florida to accommodate her medical limitations caused by becoming infected with the COVID-19 virus. Plaintiff used her sick leave to achieve the goal of the medical leave– to give her body time to recover.

48.     Defendants treated Plaintiff Salas differently than similarly situated employees in terms and conditions of employment due to her medical limitations, and/or disability/perceived

-10-
COMPLAINT

disability and subjected her to harassment, discrimination and retaliation including without limitation terminating Salas.

49.     As a result of her physical and mental disability, need for reasonable accommodation and request for the interactive process, Defendants discriminated against Plaintiff Salas in terms and conditions of employment by, without limitation, terminating Plaintiff Salas without cause.

50.     Plaintiff Salas's medical limitations, physical / mental disability / perceived disability was a substantial motivating reason for the various adverse employment actions taken toward Plaintiff Salas as described herein. Indeed Prickett told Plaintiff that her termination was coming from the "top down". Plaintiff is one of more than 16,000 FAs employed by UNITED. There is no reason for UNITED to seek to terminate Plaintiff except for the fact that she suffered from COVID, was having difficulty recovering and was over the age of 40, suggesting susceptibility for future COVID infection and additional accommodation as she recovered.

51.     During Salas' sick leave and before Salas was terminated UNITED never conducted an interactive process with Salas and never offered to accommodate Salas' disability and medical limitations .

52.     As a direct and proximate result of Defendants' conduct as set forth above, Plaintiff Salas's emotional wellbeing has substantially suffered and will continue to suffer. Plaintiff Salas has experienced and continues to experience severe emotional distress, in an amount to be proven at trial. Plaintiff Salas also alleges that she has and will continue to suffer substantial losses in earnings, other employment opportunities, employment benefits and other damages, the precise amounts to be proven at trial.

53.     Defendants' conduct was a substantial factor in causing the aforesaid harm to Plaintiff Salas.

54.     Defendants' conduct as described herein was despicable, malicious and oppressive and done with a conscious disregard of Plaintiff Salas's rights. Defendants' acts were designed to humiliate and oppress Plaintiff Salas; and they had that effect. Thus, Plaintiff Salas

is entitled to punitive damages against UNITED and DOES 1-100 under California Civil Code §3294.

55.     As a further direct and proximate result of Defendants' actions, Plaintiff is entitled to recover attorney's fees and costs.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT, CAL. GOV'T CODE § 12940(j)

### (HARASSMENT BASED ON DISABILITY/PERCEIVED DISABILITY, AGE, AND/OR GENDER)

### (Plaintiff Salas against Defendants UNITED, Petani and Prickett)

56.     Plaintiff hereby incorporates herein by reference all paragraphs alleged herein as though fully set forth.

57.     Defendants' actions constitute a continuing course of conduct of harassment in violation of the California Fair Employment and Housing Act, Cal. Gov't Code § 12940(j) due to medical limitation / disability / perceived disability. As described herein, Plaintiff Salas was subjected to unwanted harassing behavior by Defendants, including without limitation from Petani and Prickett. Petani and Prickett harassed Salas through improper conduct and communications geared toward making clear to Plaintiff that she was no longer welcome at UNITED because of her medical limitations / disability / perceived disability.

58.     Petani and Prickett's harassment included treating Plaintiff in a rude and belittling manner, repeatedly badgering Plaintiff about her disability and medical limitations through unnecessary, prying calls during which they challenged whether Plaintiff was "still" sick and how "sick" was she "really" even though Plaintiff provided the proper medical documentation and scheduling Plaintiff to fly anyway despite knowing of her leave, in violation of policy. When Plaintiff objected to the improper scheduling, Petani and Prickett took the opportunity to further harass Plaintiff by calling again to pry into her recovery, inferring that she could return to work if she "wanted to", even though Plaintiff had not even by released from quarantine by her County.

59.     Petani and Prickett's harassment also included calling Plaintiff a liar and untrustworthy because of her medical limitations / disability / perceived disability. The harshness of Petani and Prickett's treatment was personal and intimidating and caused Plaintiff extreme upset. Petani and Prickett's election to brand Plaintiff as dishonest were made in efforts to continue harassing Plaintiff in regard to her medical limitations / disability / perceived disability.

60.     During Salas' sick leave and before Salas was terminated UNITED never conducted an interactive process with Salas and never offered to accommodate Salas' disability and medical limitations.

61.     Defendants' harassment of Plaintiff Salas as set forth herein was severe and pervasive and included accusing Plaintiff of dishonesty and fraud in reporting Plaintiff's physical and mental status for the purpose of obtaining sick leave from UNITED to which Plaintiff was allegedly not entitled. Defendants' harassment of Plaintiff needed to be pervasive in that, as the Individual Defendants claimed, Salas's termination "came from above".

62.     A reasonable person in Plaintiff Salas's circumstances would have considered the harassment hostile and abusive, particularly after almost thirty years of loyal and dedicated service.

63.     At all times discussed herein, Defendants manifested ill will and malice towards Plaintiff Salas arising from Plaintiff Salas's medical limitations/disability/perceived disability. Defendants questioned Plaintiff's honesty as to reporting continued symptoms.

64.     Defendants' conduct was a substantial factor in causing the aforesaid harm to Plaintiff Salas.

65.     As a direct and proximate result of Defendants' conduct as set forth above, Plaintiff Salas's emotional wellbeing has substantially suffered and will continue to suffer. Plaintiff Salas has experienced and continue to experience severe emotional distress, in an amount to be proven at trial. Plaintiff Salas alleges that she has and will continue to suffer substantial losses in earnings, other employment opportunities, employment benefits and other damages, the precise amounts to be proven at trial.

66.     Defendants' conduct as described herein was despicable, malicious and oppressive and done with a conscious disregard of Plaintiff Salas's rights. Defendants' acts were designed to humiliate and oppress Plaintiff; and they had that effect. Thus, Plaintiff Salas is entitled to punitive damages against all Defendants and DOES 1-100 under California Civil Code § 3294.

67.     As a further direct and proximate result of Defendants' actions, Plaintiff is entitled to recover attorney's fees and costs.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT,

### CAL. GOV'T CODE § 12940(h)

### (RETALIATION)

### (Plaintiff Salas against Defendant UNITED)

68.     Plaintiff hereby incorporates herein by reference all paragraphs alleged herein as though fully set forth.

69.     Defendants' actions constitute a continuing course of conduct of retaliation in violation of the California Fair Employment and Housing Act. Cal. Gov't Code § 12940(h). Defendants subjected Plaintiff to harassment and discrimination based on race and additional FEHA violations as described herein, and then retaliated against Plaintiff in violation of FEHA.

70.     As a result of Plaintiff's protected FEHA conduct, including objections and complaints about UNITED's discriminatory and harassing conduct, request and need for reasonable accommodation and the interactive process, Defendants retaliated against Plaintiff in terms and conditions of employment.

71.     UNITED retaliated in terms and conditions of employment, including refusing to accommodate her medical limitation, refusing to engage in the interactive process and ultimately terminating Plaintiff. Plaintiff's protected FEHA conduct was a substantial motivating reason for UNITED's retaliation against Plaintiff. Defendants' conduct was a substantial factor in causing

1  the aforesaid harm to Plaintiff.

2      72.    As a direct and proximate result of Defendants' conduct as set forth above,

3  Plaintiff's emotional wellbeing has substantially suffered and will continue to suffer. Plaintiff

4  has experienced and continues to experience severe emotional distress, in an amount to be proven

5  at trial. Plaintiff alleges that she has suffered and will continue to suffer substantial losses in

6  earnings, other employment opportunities, employment benefits and other damages, the precise

7  amounts to be proven at trial.

8      73.    Defendants' despicable conduct as described herein was malicious and oppressive

9  and done with a conscious disregard of Plaintiff's rights. Defendants' acts were designed to

10  humiliate and oppress Plaintiff; and they had that effect. Thus, Plaintiff is entitled to punitive

11  damages against all Defendants and DOES 1-100 under California Civil Code§ 3294.

12      74.    As a further direct and proximate result of Defendants' actions, Plaintiff is entitled

13  to recover attorney's fees and costs.

14

15  **FOURTH CAUSE OF ACTION**

16  **VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT,**

17  **CAL. GOV'T CODE § 12940(n)**

18  **(FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS)**

19  **(Plaintiff Salas against Defendant UNITED)**

20      75.    Plaintiff hereby incorporates herein by reference all paragraphs alleged herein as

21  though fully set forth.

22      76.    Defendant's actions constituted a continuing course of failure to engage in the

23  interactive process in violation of the California Fair Employment and Housing Act, Cal. Gov't

24  Code§ 12940 et seq. Defendants were aware and continue to be aware that Plaintiff has medical

25  and mental health conditions, disability and/or perceived disability, yet refused to properly

26  consider, discuss and/or properly engage in the interactive process. Instead, Defendants subjected

27  Plaintiff to harassment, discrimination and retaliation and additional FEHA violations.

28

77.     During Salas' sick leave and before Salas was terminated UNITED never conducted an interactive process with Salas and never offered to accommodate Salas' disability and medical limitations to enable her to return to work sooner.

78.     As a direct and proximate result of Defendants' conduct as set forth above, Plaintiff's emotional wellbeing has substantially suffered and will continue to suffer. Plaintiff has experienced and continues to experience severe emotional distress, in an amount to be proven at trial. Plaintiff alleges that she has and will continue to suffer substantial losses in earnings, other employment opportunities, employment benefits and other damages, the precise amounts to be proven at trial.

79.     Defendants' despicable conduct as described herein was malicious and oppressive and done with a conscious disregard of Plaintiff's rights. Defendants' acts were designed to humiliate and oppress Plaintiff; and they had that effect. Thus, Plaintiff is entitled to punitive damages against all Defendants and DOES 1-100 under California Civil Code§ 3294.

80.     As a further direct and proximate result of Defendants' actions, Plaintiff is entitled to recover attorney's fees and costs.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT,**

**CAL. GOV'T CODE § 12940(m)**

**(FAILURE TO PROVIDE REASONABLE ACCOMMODATION)**

**(Plaintiff Salas against Defendant UNITED)**

81.     Plaintiff hereby incorporates herein by reference all paragraphs alleged herein as though fully set forth.

82.     Defendants' actions constituted a continuing course of failure to accommodate Plaintiff's medical limitations, disability and/or perceived disability, including Plaintiff's physical and mental health related disabilities in violation of the California Fair Employment and

Housing Act, Cal. Gov't Code§ 12940 et seq. Defendants were aware and continue to be aware that Plaintiff has a medical limitations / disability and/or perceived disability and yet refused to properly consider and/or offer reasonable accommodations for Plaintiff in good faith and refused to properly engage in the interactive process. Instead, Defendants subjected Plaintiff to discrimination, harassment and retaliated against Plaintiff for obtaining and using sick leave to which she was entitled in violation of FEHA and the FMLA.

83.     Despite knowing Salas was over the age of forty and had been infected with the COVID-19 virus, Defendants never conducted an interactive process with Salas and never offered to accommodate Salas' disability and medical limitations to enable her to return to work sooner. Instead Defendants continued to schedule Plaintiff for flights knowing she was out sick, continued to call her to question the veracity of the claim of illness, knowing that Plaintiff's age made her susceptible to disastrous consequences as a result of becoming infected. When Plaintiff made efforts to restore her health by travelling to Florida for its warmer weather Defendants accused Plaintiff of not being ill at all, of being dishonest regarding her medical limitations and need for time to recuperate.

84.     As a direct and proximate result of Defendants' conduct as set forth above, Plaintiff's emotional wellbeing has substantially suffered and will continue to suffer. Plaintiff has experienced and continues to experience severe emotional distress, in an amount to be proven at trial. Plaintiff alleges that she has and will continue to suffer substantial losses in earnings, other employment opportunities, employment benefits and other damages, the precise amounts to be proven at trial.

85.     Defendants' despicable conduct as described herein was malicious and oppressive and done with a conscious disregard of Plaintiff's rights. Defendants' acts were designed to humiliate and oppress Plaintiff; and they had that effect. Thus, Plaintiff is entitled to punitive damages against all Defendants and DOES 1-100 under California Civil Code§ 3294.

86.     As a further direct and proximate result of Defendants' actions, Plaintiff is entitled to recover attorney's fees and costs.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT,

### CAL. GOV'T CODE § 12940(k)

### (FAILURE TO INVESTIGATE, PREVENT,

### AND/ OR CORRECT FEHA VIOLATIONS)

### (Plaintiff Salas against Defendant UNITED)

87.    Plaintiff hereby repeats and realleges each and very allegation contained in all of the other paragraphs of this complaint, and incorporates same by reference with the same force and effect as though set forth in full herein.

88.    Defendant's actions as described herein constitute a failure to investigate and/ or take corrective action to address violations of the FEHA complained of by Plaintiff, in violation of the California Fair Employment and Housing Act, Cal. Gov't Code  § 12940(k). Plaintiff was subjected to FEHA violations as set forth herein in the course of employment.

89.    Defendant failed to take all reasonable steps to prevent the FEHA violations.

90.    Defendant's failure to take all reasonable steps to prevent the FEHA violations alleged herein was a substantial factor in causing Plaintiff the aforesaid harm.

91.    As a direct and proximate result of Defendant's conduct as set forth above, Plaintiff's emotional well- being has substantially suffered and will continue to suffer. Plaintiff has experienced, and continues to experience, severe emotional distress, in an amount to be proven at trial. Plaintiff alleges that she has and will continue to suffer substantial losses in earnings, other employment opportunities, employment benefits and other damages, the precise amounts to be proven at trial.

92.    Defendants' despicable conduct as described herein was malicious and oppressive and done with a conscious disregard of Plaintiff's rights.  Defendants' acts were designed to humiliate and oppress Plaintiff; and they had that effect.  Thus, Plaintiff is entitled to punitive damages against all Defendants and DOES 1-100 under California Civil Code § 3294.

## SEVENTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (AGAINST ALL ENTITY DEFENDANTS)

93.     Plaintiff hereby incorporates herein by reference all paragraphs alleged herein as though

94.     This cause of action arises under the public policies of the State of California and the United States, and Defendants' retaliation against Plaintiff in terms and conditions of employment in violation of such policies, including those set forth in statutes and regulations prohibiting discrimination, harassment and retaliation due to medical limitations/disability and/or perceived disability and age, including, but not limited to the California Fair Employment and Housing Act, and California Constitution, those set forth in statutes and regulations regulating compensation, among other public policies.

95.     Defendants' termination of Plaintiff violated the public policy against harassment, discrimination and retaliation due to medical limitations/disability and/or perceived disability, age and gender and was thus wrongful.

96.     As a direct and proximate result of Defendants' conduct as set forth above, Plaintiff's emotional wellbeing has substantially suffered and will continue to suffer. Plaintiff have experienced and continue to experience severe emotional distress, in an amount to be proven at trial. Plaintiff alleges that she has and will continue to suffer substantial losses in earnings, loss of other employment opportunities, employment benefits and other damages, the precise amounts to be proven at trial.

97.     Defendants' despicable conduct as described herein was malicious and oppressive and done with a conscious disregard of Plaintiff' rights. Defendants' acts were designed to humiliate and oppress Plaintiff; and they had that effect. Thus, Plaintiff is entitled to punitive damages against all Defendants and DOES 1-100 under California Civil Code §3294.

## EIGHTH CAUSE OF ACTION

## DEFAMATION

(Plaintiff against all Defendants)

98.     Plaintiff hereby incorporates herein by reference all preceding paragraphs alleged herein as though fully set forth.

99.     During the course of the termination and in the Termination Letter and as documented in Plaintiff's personnel file, Defendants asserted that Plaintiff was dishonest, committed fraud, lacked professionalism and was irresponsible. In fact, Plaintiff's words and conduct were entirely honest, professional and responsible. Plaintiff was honest when she asserted that she continued to have symptoms related COVID-19. This was substantiated by her physician's documentation. Plaintiff was professional and responsible in not returning to work while she was still experiencing brain fog associated with COVID-19. Returning with brain fog would have exposed UNITED's passengers and other crewmembers to unclear thinking, which, on an airplane, with or without an emergency would have jeopardize the safety of everybody on board and been detrimental to UNITED, its passengers and crew.

100.     By terminating Plaintiff on the grounds of dishonesty, fraud, lack of professionalism and responsibility, DEFENDANTS required that Plaintiff republish these statements which are defamatory on their face.

101.     DEFENDANTS' statements as set forth herein accusing Plaintiffs of fraud, dishonesty, lack of responsibility and lack of professionalism are false.

102.     DEFENDANTS had no reasonable belief in the truth or veracity of their statements that Plaintiff had committed fraud, was dishonest, irresponsible or lacked professionalism. DEFENDANTS knew Plaintiff was on sick leave; UNITED did not impose a "no flying" rule while its FA employees were on sick leave; Plaintiff explained that she flew to Florida to aid her recovery from the brain fog caused by COVID. Plaintiff was told she was lying that she was no in fact ill and that the decision to terminate her because she had contracted COVID "came from the top". But DEFENDANTS knew they could not terminate Plaintiff

1    merely because she had COVID-19 which would have been a violation of the protective statutes,

2    some of which are recited herein. As such, DEFENDANTS created the defamatory remarks

3    stated herein.

4       103.    DEFENDANTS' defamatory statements as set forth herein accusing Plaintiff of

5    fraud, dishonesty, lack of responsibility and professionalism are defamatory in that they state and

6    suggest that Plaintiff violated work rules of honesty, ethics and professionalism and abused the

7    employee-employer relationship. DEFENDANTS' statements are and will be recognized as

8    defamatory by Plaintiff's future employers and expose Plaintiff to derision, contempt, ridicule

9    and mockery.

10      104.    Defendants' defamatory statements were false and not privileged. False

11    accusations by an employer regarding violations of work rules and false attacks on the character

12    and morals of Plaintiff, its employee, expressly or impliedly calling into question Plaintiff's

13    honesty, ethics and professionalism and exposing Plaintiff to the derision, contempt, ridicule and

14    mockery, are not facially common and unremarkable actions or decisions that are fairly attributed

15    to personnel management. A legitimate personnel management decision is not based on

16    discriminatory application of sick leave, withholding same from persons over the age of forty

17    (40) who had contracted or were more susceptible to contracting COVID than the general

18    population. In addition, the Individual Defendants knew that the decision to terminate Plaintiff

19    "came from the top" and was associated with Plaintiff having contracted COVID.

20    DEFENDANTS knew Plaintiff was not being terminated for having allegedly violated work

21    rules.

22      105.    Defendants' defamatory statements pertaining to Plaintiff as set forth herein were

23    defamatory per se (affecting Plaintiff's trade or business) and had a natural tendency to injure or

24    cause special damage to Plaintiffs' professional reputation and to cause Plaintiff's future

25    employers to question Plaintiff based the reasons for which she was terminated from UNITED.

26      106.    As a legal result of DEFENDANTS' defamatory statements, and each of them,

27    Plaintiff suffered emotional injury which injury is irreparable, and for which Plaintiff was

28

terminated resulting in lost wages, loss of standing within the FA community, reputational harm and affecting Plaintiff's ability to acquire other employment and other damages according to proof.

107.    DEFENDANTS' conduct as described herein was despicable and carried on by the Defendants with a willful and conscious disregard of Plaintiff's rights or safety or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights for which Plaintiff seeks exemplary damages in the within action in a sum according to proof.

### NINTH CAUSE OF ACTION

### VIOLATION OF BUSINESS AND PROFESSIONS CODE §17200

(All Plaintiff against Defendant UNITED)

108.    Plaintiff hereby incorporates herein by reference all preceding paragraphs alleged herein as though fully set forth.

109.    California Business and Professions Code §17200 broadly prohibits any "'unlawful, unfair or fraudulent business act or practice ....' An unfair business practice includes practices that are deceptive such as the denial of insurance coverage where such coverage, per the terms of the Policy should be afforded. (See, e.g., *People ex rel. Mosk v. National Research Co. of Cal.* (1962) 201 Cal.App.2d 765, 772, 20 Cal.Rptr. 516 [What constitutes  an unfair or fraudulent business practice under any given set of circumstances is a question of fact, the essential test being whether the public is likely to be deceived.]

110.    Plaintiff allege that Defendant UNITED's termination of Plaintiff because she contracted COVID-19 and had a protracted recovery was an unfair business practice because it was the real reason Plaintiff was terminated. Plaintiff was really terminated because of her age and the possibility that she would not fully recover from the COVID-19 virus and/or that she would have a protracted period in which she would continue to suffer COVID-19 symptoms or that due to her age Plaintiff was more susceptible to another COVID-19 illness, all of which would require UNITED to accommodate Plaintiff's medical condition/disability. Based on this

discriminatory termination based on age and medical condition/disability Defendants deprived Plaintiff not only of her UNITED job but impacted Plaintiff's ability to secure employment in the airline industry and forever impacted her ability to earn money in any position that requires a security check of any kind. UNITED carried out these unfair and deceptive practices rather than accommodate Plaintiff's COVID-19 related symptoms / medical condition / disability / perceived disability.

111.    In committing unfair business acts, including the violation of FEHA and FMLA, Defendants violated B&P §17200.

112.    Plaintiff allege that Defendant UNITED violated B&P §17200 as set forth herein, including, by terminating Plaintiff for conduct consistent with addressing Plaintiff's COVID-19 related symptoms and based on Plaintiff's age.

113.    Defendants' wrongful conduct caused Plaintiff injury for which Plaintiff seeks compensatory and general damages and injunctive relief in the within action in a sum according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray judgment against Defendants, and each of them, as follows:

1.    For injunctive or declaratory relief, including but not limited to reinstatement of Plaintiff to her position as a UNITED FA with the same seniority and rights and privileges as held prior to termination and as held by other employees protected by the Union as prayed herein;

2.    For injunctive or declaratory relief, including but not limited to retraction of all accusations of wrong doing including permanent destruction of the termination letter or separation notices issued to Plaintiff or the AFA;

3.    For an order that Defendants pay Plaintiff compensatory and general damages according to proof at trial, including without limitation back pay and front pay owed;

4.    That Defendants be ordered to pay Plaintiff prejudgment interest;

5. That this Court award Plaintiff reasonable attorneys' fees pursuant to, without limitation the FEHA and the Labor Code;

6. That this Court order Defendants to pay penalties, liquidated damages, interest and any other remedies to Plaintiff pursuant to, without limitation, the Government Code and Labor Code;

7. That this Court order injunctive relief enjoining UNITED's continued violations of the FEHA and Labor Code violations, as alleged herein, ordering Defendants to comply with their legal obligations under the FEHA, including without limitation, to provide proper training to its managers, supervisors and other employees, to provide and maintain a hostile-free workplace for its employees with medical limitations, disabilities/perceived disabilities, and that age not be a consideration in decision making other than to eradicate harassment, discrimination and retaliation policies, and to properly investigate and take corrective action to remedy the hostile workplace that it maintains against its employees with medical limitations / disabilities / perceived disabilities and/or over the age of 40;

8. That Defendants be ordered to pay punitive damages or exemplary damages per the relevant claims;

9. For costs of suit incurred herein; and

10. For such other and further relief as the court may deem proper.

Respectfully Submitted,
LAW OFFICE OF SOHAILA SAGHEB

AND –

ABROLAT LAW PC

DATED: July 1, 2022

/s/ Sohaila Sagheb
SOHAILA SAGHEB
Attorney for Plaintiff Gladys C. Salas

-24-
COMPLAINT

# EXHIBIT A

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

May 8, 2022

RE: **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 202204-16861730
Right to Sue: Salas / United Airlines, Inc. et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation
Pilot Program. Under this program, established under Government Code
section 12945.21, a small employer with 5 -19 employees, charged with violation
of the California Family Rights Act, Government Code section 12945.2, has the
right to participate in DFEH's free mediation program. Under this program both
the employee requesting an immediate right to sue and the employer charged
with the violation may request that all parties participate in DFEH's free
mediation program. The employee is required to contact the Department's
Dispute Resolution Division prior to filing a civil action and must also indicate
whether they are requesting mediation.  The employee is prohibited from filing a
civil action unless the Department does not initiate mediation within the time
period specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. You may
contact DFEH's Small Employer Family Leave Mediation Pilot Program by
emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter
number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,

Form DFEH-ENF 80 RS (Revised 02/22)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                                    GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business. Consumer Services and Housing Agency                                          GAVIN NEWSOM, GOVERNOR

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

May 8, 2022

Gladys Salas
21112 Ventura Blvd
Woodland Hills, CA 91364

RE:    **Notice of Case Closure and Right to Sue**
       DFEH Matter Number: 202204-16861730
       Right to Sue: Salas / United Airlines, Inc. et al.

Dear Gladys Salas:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective May 8, 2022 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact DFEH's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

Form DFEH-ENF 80 RS (Revised 02/22)

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Gladys Salas                                              DFEH No. 202204-16861730

                        Complainant,

vs.

United Airlines, Inc.
San Francisco International Airport, Terminal 3
San Francisco, CA 94128

Juliana Petani
San Francisco International Airport, Terminal 3
San Francisco, CA 94128

Scott Prickett
San Francisco International Airport, Terminal 3
San Francisco, CA 94128

                        Respondents

_____

**1.** Respondent **United Airlines, Inc.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant is naming **Juliana Petani** individual as Co-Respondent(s).
Complainant is naming **Scott Prickett** individual as Co-Respondent(s).

**3.** Complainant **Gladys Salas**, resides in the City of **Woodland Hills,** State of **CA.**

**4.** Complainant alleges that on or about **January 12, 2021**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's sex/gender, disability (physical or mental), medical condition (cancer or genetic characteristic), age (40 and over), family care or medical leave (cfra).

-1-
*Complaint – DFEH No. 202204-16861730*

Date Filed: May 8, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

**Complainant was discriminated against** because of complainant's sex/gender, disability (physical or mental), medical condition (cancer or genetic characteristic), age (40 and over), family care or medical leave (cfra) and as a result of the discrimination was terminated, denied reasonable accommodation for a disability, denied family care or medical leave (cfra).

**Complainant experienced retaliation** because complainant requested or used a disability-related accommodation, requested or used family care or medical leave (cfra) and as a result was terminated, denied reasonable accommodation for a disability, denied family care or medical leave (cfra).

**Additional Complaint Details:** Please see attached

-2-
*Complaint – DFEH No. 202204-16861730*

Date Filed: May 8, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

VERIFICATION

I, **Sohaila Sagheb**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On May 8, 2022, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Woodland Hills, California**

-3-

*Complaint – DFEH No. 202204-16861730*

Date Filed: May 8, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

DFEH No.

**In the Matter of the Complaint of**
Gladys C. Salas,

        Complainant,

vs.

United Airlines, Inc.
San Francisco International Airport
Terminal 3
San Francisco, California 94128

United Airlines, Inc. Employees:
Juliana Petani ("Petani"), In Flight Services
c/o United Airlines, Inc.
San Francisco International Airport
Terminal 3
San Francisco, California 94128

Scott Prickett
Performance Supervisor Inflight Service
c/o United Airlines, Inc.
San Francisco International Airport
Terminal 3
San Francisco, California 94128

        Respondents.

1. Complainant Glady C. Salas ("Complainant") was hired on July 1, 1993 as a Flight Attendant ("FA") by Continental Express. Later based on transfers and a series of mergers and acquisitions is now employed by United Airlines, Inc. ("United").

2. Complainant reported to work at the United's HUB in San Francisco ("SFO") for at least the last four years of her employment. At all relevant times, including at the time of termination, Complainant was employed by United at the San Francisco International Airport. United operated and made all employment decisions affecting Complainant's employment in the State of California.

3. Respondent United is an employer subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

4. Respondent Juliana Petani ("Petani") is an individual employed by United and working from United's SFO as a Supervisor for In Flight Services. Whenever Petani's name is mentioned in this Complaint, be it known that Petani is sued individually and as an agent of UA who acted within the course and scope of her employment and/or in her individual capacity.

5. Complainant was an excellent employee of twenty eight year with no performance or attendance infractions.

6. Complainant's employment with UA was subject to the 2016 – 2021 Flight Attendant Agreement pursuant to a collective bargaining agreement ("JCBA").

7. Pursuant to the JCBA no FA was subject to termination without just cause and discipline of FAs was progressive.

8. In October, 2020, Complainant contracted COVID 19 which was verified by testing.

9. On or about October 29, 2020 Complainant called the In-flight response team and spoke with a United representative informing United that she had tested positive for COVID-19. Complainant was told that a representative of United would call her back.

10. Joanne with United called Complainant back to inquire as to Complainant's symptoms, when they began and when Complainant last flew. Complainant answered Joanne's questions and stated that she last flew on October 24, 2020.

11. On October 29th Complainant received a second phone call from Joanne asking Complainant more COVID-19 related questions and requesting a copy of Complainant's positive COVID-19 test.

12. In early November, 2020, Complainant called the Association of Flight Attendants ("AFA" or "Union") to inform them that Complainant had tested positive for COVID-19. Their response was to let United handle it.

13. Complainant also called the United Airline Service Center and spoke with a representative informing United that Complainant had received an email from United Airlines stating that she needed a COVID-19 Release test or a doctors Release by November 9th to return to work. Complainant received an email with instructions on how and where to send the COVID-19 release document.

14. On or about the same day Complainant made an appointment to see her Physician, Dr. Ileona Jureck MD, for the necessary documentation. The first appointment available was for November 9th.

15. Dr. Jureck informed Complainant that she was NOT contagious but that there were concerns about Complainant's viral related symptoms which continued and included extreme fatigue, shortness of breath, cough, and difficultly with concentration ("COVD-19 Brain Fog"). Dr. Jureck faxed the United Airlines Health Department Complainant's current status and new return to work date of December 1st, 2020.

16. Shortly after Dr. Jureck excused Complainant from work to continue recovery, Juliana Petani called Complainant asking about Complainant's condition and restrictions.

17. On November 12th Complainant reported to United Dr. Jureck's direction that Complainant not return to work until December 1st due to continuing COVID-19 related symptoms, including Brain Fog. United, through Joanne said "we are going to go ahead and release you until December 1st." This meant that Complainant was on sick leave and would not be scheduled for flights.

18. On November 12th and 13th Complainant received flight assignments and was required to again remind United she was on sick leave – and still under quarantine.

19. Complainant continued to feel fatigued, confused and foggy with difficultly concentrating.

20. On November 18, 2020 Juliana called Complainant wanting to know how Complainant was feeling. Complainant told Juliana that she felt better but not well and that she was waiting to be released from quarantine by the Lorain County Health Department.

21. On November 18th the Lorain County Health Department finally informed Complainant that she was finally released from quarantine.

22. Complainant flew to Florida on November 20th hoping that warmer weather would help her to fully recover. Complainant did not hide her travel from United. In fact, Complainant used her United benefits to make the trip.

23. Because Complainant remained ill, she was terminated on the pretext that she had abused company benefits by traveling while she was supposed to be on sick leave.

24. United's stated reason for termination is pretext because traveling while on sick leave does not constitute just cause for termination; at the time Complainant flew she had been released from her schedule because she was sick and continuing to suffer the symptoms of COVID-19; Complainant's reason for travelling was part of her effort to combat her continuing neurologic deficit manifested as fogginess/confusion/inability to concentrate.

25. United's reason for terminating Complainant was her continued illness and need for additional time off to recover from the COVID-19 illness. Due to her age, Complainant was at higher risk for and suffered greater symptoms.

26. Complainant was terminated by Scott Prickett and Juliana who in combination effectuated the FEHA violations complained herein.

27. Complainant was discriminated against and harassed in violation of the FEHA, including without limitation, in terms and conditions of her employment and was terminated due to being a member of protected categories. Complainant was retaliated against based on her report of illness, disability or perceived disability, age and gender. Complainant was not engaged in an interactive process and was not offered an accommodation to address her disability even though United was fully aware that Complainant continued to suffer from symptoms related to her COVID-19 illness.

**Right to Sue:**

I, Gladys Salas, am represented by Law Office of Sohaila Sagheb and Abrolat Law PC and I hereby request a Notice of Case Closure and Right to Sue.

-4-

Complaint – DFEH

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Sohaila Sagheb, SBN 144202
Law Office of Sohaila Sagheb
21112 Ventura Blvd
Woodland Hills, CA 91364
TELEPHONE NO.: 818-346-3724     FAX NO.: 818-702-9916
ATTORNEY FOR (Name): Plaintiff Gladys C. Salas

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City, CA 94063-1655
BRANCH NAME:

FOR COURT USE ONLY

**Electronically**
**FILED**
by Superior Court of California, County of San Mateo
ON     7/1/2022
By     /s/ Una Finau
       **Deputy Clerk**

CASE NAME:
Salas v. United Airlines, Inc., et al

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 22-CIV-02684 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c.[✓] punitive
4. Number of causes of action (specify): 9
5. This case [ ] is [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 23, 2022
Sohaila Sagheb, Esq.
_____
(TYPE OR PRINT NAME)                                 (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. By plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
(*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract (*not unlawful detainer or wrongful eviction*)
Contract/Warranty Breach–Seller
Plaintiff (*not fraud or negligence*)
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage (*not provisionally complex*) (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
(*arising from provisionally complex case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment (*non-domestic relations*)
Sister State Judgment
Administrative Agency Award
(*not unpaid taxes*)
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
Declaratory Relief Only
Injunctive Relief Only (*non-harassment*)
Mechanics Lien
Other Commercial Complaint
Case (*non-tort/non-complex*)
Other Civil Complaint
(*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition (*not specified above*) (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**