UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLADYS C. SALAS,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED AIRLINES, INC., et al.,<br><br>    Defendants. | Case No. 22-cv-04574-HSG (AGT)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 50 |

Defendant United Airlines has filed a unilateral discovery letter requesting an order (i) compelling plaintiff to sit for a second full day of deposition and (ii) imposing sanctions against plaintiff and her counsel. The request is denied. The parties' January 26, 2023, joint case management statement states that they "will conduct discovery pursuant to the Federal Rules of Civil Procedure, *including taking depositions*," Dkt. 25 at 10 (emphasis added), and their April 25, 2023, further joint case management statement reiterates that agreement verbatim, Dkt. 38 at 9. Rule 30(d)(1) provides that "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours." United acknowledges that plaintiff's in-person deposition "proceeded on July 25 for approximately 7 hours," Dkt. 50 at 2, and there is no evidence that United ever requested or obtained a stipulation from plaintiff to exceed Rule 30(d)(1)'s presumptive seven-hour limit for her deposition.[1] The fact that plaintiff, who resides in Ohio, agreed to be available for deposition in San Francisco on "two consecutive days" (July 25 & 26) does not, as United claims, translate to a "stipulation that Plaintiff [would] sit for a full two days

---

[1] The email exchanges between counsel leading up to plaintiff's July 25 deposition demonstrate that plaintiff did agree, at United's request, to additional deposition time (to occur via Zoom) limited to questioning on medical records and other documents produced after plaintiff's July 25 deposition. *See* Dkt. 50 at 14–17. And plaintiff's response to United's unilateral discovery letter confirms that "Plaintiff's counsel will continue to honor the agreement to make Plaintiff available remotely for segregated topics such as medical records" received after plaintiff's July 25 deposition. Dkt. 51 at 3.

of deposition." Dkt. 50 at 1.

Absent a stipulation, "[t]he party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order." Fed. R. Civ. P. 30, Advisory Committee Notes to 2000 amendment, subdivision (d); *see Pratt v. Archstone Willow Glen Apartments*, 2009 WL 2032469, at *1 (N.D. Cal. July 10, 2009) (explaining that "[c]onsiderations relevant to granting an extension include events occurring over a long period of time, the need fully to explore the theories upon which the witness relies, or, in multi-party cases, the need for each party to examine the witness"). United has not made that showing here. And there is no indication that plaintiff or her counsel engaged in any sanctionable conduct in connection with plaintiff's deposition. If anything, the present dispute appears to be the result of United's reliance on its own erroneous assumption that "'two days' referred to two full days" (i.e., 14 hours) of deposition time. Dkt. 50 at 4. United's request for an order compelling a second full day of deposition and imposing sanctions against plaintiff and her counsel is denied.

* * *

Going forward, the undersigned will not consider unilateral discovery letters. *See* AGT Civil Standing Order § VII.B ("If the parties are unable to resolve their dispute informally after a good-faith effort, including meet and confer efforts conducted by lead counsel, the parties shall prepare a joint statement . . . ."). And prior to filing any joint statement, counsel for the parties must meet and confer *in person or by videoconference* to attempt to resolve their dispute—the "mere exchange of letters, e-mails, or telephone calls does not satisfy the meet and confer requirement." *Id.*

**IT IS SO ORDERED.**

Dated: August 21, 2023

ALEX G. TSE
United States Magistrate Judge