UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLADYS C. SALAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED AIRLINES, INC., et al.,<br><br>　　　　Defendants. | Case No. 22-cv-04574-RFL (AGT)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 62 |

　　United has not established that the attorney-client privilege applies to the disputed email, UnitedSales_001325, a copy of which United submitted for *in camera* review.[1]

　　Nothing in the email suggests that the sender, plaintiff's United supervisor, was seeking legal advice from any of the five email recipients, only one of whom was a United in-house lawyer. Plaintiff's supervisor forwarded a doctor's note plaintiff had provided. Plaintiff's supervisor didn't ask the email recipients to respond, let alone provide legal advice.

　　Even if the five recipients were part of United's Disciplinary Review Panel, as United asserts, *see* dkt. 62 at 4, that doesn't establish that the email was privileged. Despite the presence of a lawyer on the panel, the panel may have been performing a business function: deciding whether to terminate plaintiff for her alleged misuse of sick leave. To be sure, the panel may have instead, or additionally, had a legal function. But when a communication

---

[1] Neither side objected to *in camera* review.

conceivably has both a legal purpose and a business purpose, the proponent of the privilege must establish that "the primary purpose of the communication [was] to give or receive legal advice, as opposed to business . . . advice." *In re Grand Jury*, 23 F.4th 1088, 1091 (9th Cir. 2021). United has not met that burden. *Cf. Fletcher v. ABM Bldg. Value*, No. 14-cv-04712-NRB, 2017 WL 1536059, at *3 (S.D.N.Y. Apr. 18, 2017) (concluding that a Termination Review Committee "served primarily a legal rather than business function," when, unlike here, the attorney on the Committee testified that the purpose of the Committee was for her "to do a legal analysis of the decision to terminate" and that the role of two non-attorneys on the Committee was "to provide [her] with information [she] need[ed] to do that legal analysis") (simplified).

Because United hasn't established that the disputed email is privileged, the email isn't subject to a claw-back. Plaintiff may keep the copy United produced.

In the parties' joint statement, plaintiff suggests she hasn't received a privilege log. United says just the opposite. *See* Dkt. 62 at 3, 5. If plaintiff believes United's privilege log is deficient, plaintiff and United shall meet and confer further to discuss it. There is no privilege-log dispute for the Court to resolve at this time.

**IT IS SO ORDERED.**

Dated: January 29, 2024

Alex G. Tse
United States Magistrate Judge